﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190118-2605
DATE: March 31, 2021

ORDER

Entitlement to service connection for tinnitus is granted.

Entitlement to service connection for bilateral hearing loss is denied.

FINDINGS OF FACT

1. The Veteran’s tinnitus began during his active duty service.

2. The Veteran’s bilateral hearing loss was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury, event, or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for tinnitus have been satisfied. 38 U.S.C. §§ 1110, 1112, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for bilateral hearing loss have not been satisfied. 38 U.S.C. §§ 1110, 1112, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from September 1964 to September 1968.

These matters are on appeal to the Board of Veterans’ Appeals (Board) from an August 2018 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

Procedurally, a rating decision was issued under the legacy system in January 2017, and the Veteran submitted a timely notice of disagreement. In July 2017, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC), and the Veteran timely appealed the issues to the Board. In May 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. 38 C.F.R. §§ 3.2400(c)(1), 3.2601. The AOJ issued a RAMP HLR decision in August 2018, which is the decision on appeal. 

In the January 2019 VA Form 21-4138, Statement in Support of Claim – RAMP Selection, the Veteran timely appealed the portion of the rating decision pertaining to the issues above and requested a hearing before the Board and an opportunity to submit evidence at the hearing and within 90 days following the hearing. 38 C.F.R. § 3.2400(c)(1). In December 2020, the Veteran testified at a hearing before a Veterans Law Judge. A transcript of that hearing is of record. 

Service Connection

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

VA has established certain rules and presumptions for chronic diseases, such as organic diseases of the nervous system like hearing loss and tinnitus. See 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a); Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013). With chronic diseases shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless attributable to intercurrent causes. 38 C.F.R. § 3.303(b). If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. § 3.303(b). In addition, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, chronic diseases are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

1. Tinnitus

Tinnitus is a noise in the ears, such as ringing, buzzing, roaring, or clicking. YT v. Brown, 9 Vet. App. 195, 196 (1996). Tinnitus is the type of disability that is capable of lay observation. Charles v. Principi, 16 Vet. App. 370, 374 (2002).

The Veteran has a current tinnitus disability. For instance, during the January 2017 VA examination he was diagnosed with recurrent tinnitus. Thus, the remaining question is whether the Veteran’s tinnitus disability is related to service. 

Here, the Veteran’s September 1965 enlistment exam indicates his hearing was normal, and the Veteran reports he began experiencing tinnitus during service as an aircraft mechanic while working under extremely high noise combat and training environments. See February 2017 Notice of Disagreement, December 2020 Hearing Tr. at 2-3. The Veteran’s military occupational specialty (MOS) was that of an aircraft maintenance specialist. See DD-214. The Board has no reason to doubt the Veteran’s reports of experiencing tinnitus during service and presently and finds these statements credible. 

In January 2017, the Veteran presented for a VA examination. The examiner opined that the Veteran’s tinnitus was less likely than not caused by or a result of military noise exposure. In support, the examiner explained that the Veteran had normal hearing bilaterally at separation from military service with no significant threshold shifts during service, and thus there is no objective factors for which the etiology of tinnitus could be attributed. The examiner noted that the Veteran’s service treatment records do not contain complaints, treatments, or diagnosis for this condition. 

While the Board acknowledges the findings from the January 2017 VA examination, the Board finds that entitlement to service connection for tinnitus is warranted. As tinnitus, a chronic disease, was present during service and is present currently, and is not clearly attributable to an intercurrent cause, the Board resolves reasonable doubt in the Veteran’s favor and grant service connection for tinnitus. See 38 C.F.R. §§ 3.102, 3.303(b), 3.309(a); see also Fountain v. McDonald, 27 Vet. App. 258, 271 (2015); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

2. Bilateral Hearing Loss

The Veteran contends that he has bilateral hearing loss that was caused by his active duty service. See December 2020 Hearing Tr. at 3-4.

The Veteran has a current bilateral hearing loss disability. For example, at his January 2017 VA examination he was diagnosed with bilateral sensorineural hearing loss. Thus, the remaining question is whether the current bilateral hearing loss disability is related to service. 

Service treatment records show no complaints, diagnosis, or treatment related to a hearing loss. During the August 1968 separation examination, evaluation of the ears was normal. In a corresponding report of medical history, the Veteran specifically denied having had ears, nose, or throat trouble, and having had hearing loss. If hearing loss was present during service, the Board would expect the Veteran would have responded “yes” when asked if he had hearing loss at separation because a reasonable person would have interpreted the question to include symptoms of hearing loss. Moreover, the Veteran responded affirmatively when asked whether he had other conditions at separation and the Board would thus expect the Veteran to have also responded affirmatively to having hearing loss. 

A hearing loss disability is not shown by medical evidence until approximately January 2017, many years after the Veteran’s separation from service. 

As hearing loss is not shown to have been present during service or in the first year after separation of service, and continuity of symptomatology leading to a diagnosis of hearing loss is not shown, in-service incurrence of hearing loss cannot be presumed. See 38 C.F.R. §§ 3.307, 3.309(a). To the extent the Veteran asserts a continuity of symptomatology beginning during service, the Board finds these statements to lack credibility as they are in direct conflict with the Veteran’s report of medical history at separation from service where he denied having had hearing loss. The Board finds the report of medical history at separation from service to be more reliable than more recent assertions as it was done contemporaneous to service and for the purpose of identifying disability at that time. 

The Veteran presented for a VA examination in January 2017, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The examiner opined that the Veteran’s bilateral hearing loss is not at least as likely as not caused by or a result of an event in military service. In support of this conclusion, the examiner explained that the Veteran entered and exited military service with normal hearing bilaterally based on his September 1964 enlistment audiogram, March 1966 annual audiogram, and August 1968 separation audiogram. The examiner noted that there were no significant threshold shifts during military service, and therefore, there is no objective evidence of in-service noise related injury. The examiner further noted that the Veteran’s hearing was normal at separation from the military, and once military noise exposure is removed, hearing would not be expected to get worse. 

In support, the examiner referenced the 2005 Institute of Medicine Report on Noise Military Service which noted that the evidence from laboratory studies in humans and animals is sufficient to conclude that the most pronounced effects of a given noise exposure on pure-tone thresholds are measurable immediately following the exposure, with length of recovery, whether partial or complete, related to the level, duration, and type of noise. Most recovery to stable hearing thresholds occurs within 30 days. The study went on to indicate that the current science indicates that the understanding of the mechanisms and processes involved in the recovery from noise exposure suggests that a delay of many years in the onset of noise-induced hearing loss following an earlier noise exposure is extremely likely. The study concluded that a review of the research in the area finds that individuals with previous noise-induced hearing loss are neither more nor less susceptible to subsequent noise-induced hearing loss than individuals without pre-existing hearing loss. 

Upon reviewing the record, examining the Veteran, and considering the relevant research literature, the examiner opined that the Veteran’s current hearing loss is not due to or aggravated by military noise exposure, and is more likely due to post-military noise exposure, aging, or other factors. The Board finds this opinion highly probative as it was made by a medical professional with consideration of the specific facts in this case and after examination of the Veteran. The opinion is also supported by other evidence of record. For example, the Veteran’s service treatment records do not show any indications of hearing loss. There is no medical opinion or competent and credible evidence in significant conflict with the VA medical opinion. 

The Board has considered the Veteran’s statements, to include his assertions that his hearing loss was caused by being near various aircrafts, to include aircrafts considered to have been the loudest in the Air Force. See December 2020 Hearing Tr. at 3-5. As the Veteran is not shown to have medical education or experience, he is a lay person and is competent to report (1) symptoms that are observable to a layperson, e.g., diminished hearing; (2) symptoms at the time supporting a later diagnosis by a medical professional; or (3) a contemporaneous medical diagnosis. See Davidson v. Shinseki, 581 F.3d 1313 (2009). The Veteran is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition as these are medically complex issues. As noted above, the Veteran is competent to attest to tinnitus, or ringing in the ears. Charles v. Principi, 16 Vet. App. 370, 374 (2002). In contrast, the diagnosis of sensorineural hearing loss for VA purposes requires diagnostic testing, the Veteran as a lay person is not competent to diagnose this condition. See 38 C.F.R. § 3.385. Thus, his lay assertions that he had hearing loss during service and his current hearing loss is a result of service do not constitute evidence upon which service connection can be granted. Of note, the Board has taken into account the Veteran’s service treatment records which does not provide any indication of hearing loss, and the Veteran’s specific report upon separation of not having had hearing loss. The Board ultimately assigns greater probative weight to the medical evidence of record, to include the opinion rendered by a trained medical professional based on appropriate diagnostic testing and reasonably drawn conclusions with supportive rationale.

The Board acknowledges the articles cited by the Veteran and his representative regarding hearing loss. See December 2020 Hearing Tr. at 4-5, December 2020 Correspondence. However, the cited articles submitted by the Veteran and his representative were not accompanied by any probative opinion from a medical expert, nor were they specific to the facts of the Veteran’s case. As noted above, while the Veteran is competent to describe experiencing symptoms relating to hearing loss, he is not shown to possess any medical expertise and his opinion as to the etiology regarding hearing loss is not competent medical evidence. The Board finds the VA medical opinion more probative than the Veteran’s lay statements and the cited articles, as it was offered by a medical profession after examination of the Veteran and consideration of the history of the disability, and as the opinion is supported by a clear rationale. 

 

For the above reasons, the preponderance of the evidence is against the claim and service connection for bilateral hearing loss is denied.

 

 

M. C. WILSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Mathew

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.